UNITED STATES of America, Plaintiff,

v.

James V. SULLIVAN, Defendant.

Crim. A. No. 1:92–cr–006–MHS.

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 17, 1992.

Edward T.M. Garland, Donald Franklin Samuel, Garland & Samuel, Atlanta, GA, Richard G. Lubin, pro hac vice, Lubin & Gano, West Palm Beach, FL, for defendant.

William Louis McKinnon, Jr., Office of U.S. Atty., N.D. Georgia, Atlanta, GA, for U.S.

## ORDER

SHOOB, Senior District Judge.

This order memorializes the Court's oral ruling of November 23, 1992, granting defendant's motion for judgment of acquittal. After hearing the evidence presented by the Government and argument on the motion, the Court concluded that the Government failed to establish that a reasonable juror could find beyond a reasonable doubt that the telephone calls charged in the indictment facilitated or related to the murder of Lita Sullivan as required by 18 U.S.C. § 1958.

### BACKGROUND

Lita Sullivan was murdered on the morning of January 16, 1987, when she was shot by a man delivering flowers to her house in the Buckhead section of Atlanta, Georgia. The "trigger man" and his accomplices have not been apprehended or identified. Defendant, the victim's estranged husband, was at his home in Palm Beach, Florida, at the time of murder. In the months preceding the murder, Lita Sullivan and defendant had been engaged in bitterly contested divorce proceedings. A hearing on the couple's postnuptial agreement was set for

the afternoon of Lita Sullivan's murder, and the divorce trial was scheduled for about two weeks later.

Telephone records show that three days before the murder, on the morning of January 13, 1987, a telephone call was made from a room at a Howard Johnson's motel in Sandy Springs, Georgia, to defendant's Palm Beach residence, and about three hours later a call was made from that Palm Beach residence to the Howard Johnson's. The records also show that defendant made several calls that morning to a man who was Lita Sullivan's neighbor in Buckhead. He also called a mutual friend in search of Lita Sullivan's whereabouts. Finally, the records show that a collect call was made from a pay telephone at a rest stop on I–85 to defendant's Palm Beach residence on the day of Lita Sullivan's murder about 40 minutes after she was shot. The rest stop is about 30 miles from Lita Sullivan's house.

The Government indicted defendant under the federal murder-for-hire statute and charged him with making or causing to be made four telephone calls with the intent to murder Lita Sullivan. The two calls involving the Howard Johnson's motel, the call from the next-door neighbor, and the call from the rest stop are the calls listed in the indictment. Defendant was also charged with one count of causing another to use a firearm in a crime in violation of 18 U.S.C. § 924(c).

## JUDGMENT OF ACQUITTAL

Defendant moved for judgment of acquittal on all counts under Federal Rule of Criminal Procedure 29 at the close of the Government's case. After hearing argument, the Court deferred ruling on the motion and the trial continued. Defendant, however, brought to the Court's attention that under Rule 29, the Court is not permitted to defer ruling on a motion for judgement of acquittal at this stage.[1] Accordingly, the Court agreed to reconsider its ruling upon defendant's "renewed" motion.

■ On a motion for judgment of acquittal, the district court "shall order the entry of judgment of acquittal ... if the evidence is insufficient to sustain a conviction of such offense or offenses." Fed.R.Crim.P. 29(a). In weighing the evidence, the court must view the evidence in the light most favorable to the Government and make all credibility determinations in favor of the Government. Then the court must decide whether "a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt." *United States v. Vidal–Hungria*, 794 F.2d 1503 (11th Cir.1986). As defendant points out, while a defendant "may be guilty, ... his conviction cannot rest upon mere conjecture and suspicion." *United States v. Fitzharris*, 633 F.2d 416 (5th Cir.1980).

## COUNTS ONE—FOUR

■ Defendant was charged with four counts of using the telephone with the intent to commit a murder in violation the federal murder-for-hire statute, 18 U.S.C. § 1958. The statute provides in part:

> Whoever ... uses or causes another ... to use the mail or any facility in interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, shall be ... subject to imprisonment....

18 U.S.C. § 1958. In deciding the motion for judgment of acquittal, then, the Court was required to consider whether, based on the evidence presented by the Government, a reasonable juror could find beyond a reasonable doubt (1) that defendant had the intent that Lita Sullivan be killed, (2) for money and, (3) that the telephone calls charged in the indictment facilitated or were related to the murder. The primary question at issue here was whether the Government made the necessary showing

---

1. When a defendant moves for judgment of acquittal at the close of all the evidence, Rule 29 permits the court to reserve judgment on the motion pending the jury verdict.

of a connection between the telephone calls and the murder.[2]

■ Under 18 U.S.C. § 1958, the use of a telephone or other means of interstate commerce is a jurisdictional prerequisite; it is the hook into federal jurisdiction for what would otherwise be a state crime. *United States v. Edelman*, 873 F.2d 791 (5th Cir. 1989); *United States v. Perrin*, 580 F.2d 730 (5th Cir.1978), *aff'd on other grounds*, 444 U.S. 37, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979). The use of the telephone, however, must be shown to relate to the murder. In this case, the Government must show that the telephone was "in fact used in the commission of that offense and that [defendant] had knowledge of the substantive offense which he promoted." *Edelman*, 873 F.2d at 795.

The actual application of this standard— that the telephone was "used in the commission" of the murder—is unclear. Defendant argued that this standard requires the Government to show that the telephone calls "facilitated" the offense. Since there is little case law on 18 U.S.C. § 1958, defendant urged the Court to interpret § 1958 in light of other statutes that criminalize the use of communication facilities, the mail, and interstate travel. *See* 18 U.S.C. § 1952; 18 U.S.C. § 1343; and 21 U.S.C. § 843(b). Each of these statutes includes language setting forth the required nexus between the interstate activity and the underlying crime.[3] The murder-for-hire statute, however, does not include such specific language. Thus the language and case law on these statutes are not dispositive.

The Government, on the other hand, contended that the statute requires the Government to show only that the telephone

"relate to" the murder. As authority, the Government cited several cases holding that § 1958 does not require a showing that a defendant specifically intended to use the interstate communication facility. For example, in *Edelman*, the defendant hired someone to kill his wife, and the person he hired then used the mail to hire a hit man. The contents of the letters were known, and the relationship between the planned murder and the use of the mails was clear. The Fifth Circuit held that a defendant charged under § 1958 did not need to specifically intend that the mail be used in the commission of the offense. *Edelman*, 873 F.2d 791; *see also United States v. Razo–Leora*, 961 F.2d 1140 (5th Cir.1992) (reaffirming holding that the Government does not need to show specific intent to use the interstate commerce facility). Neither these cases nor others cited by the Government, however, provide authority that the evidence in this case showed that the calls listed in the indictment "related to" the killing.

■ If the analysis in *Edelman* is applied to this case, a reasonable juror could not have concluded beyond a reasonable doubt that these calls related to, much less facilitated, Lita Sullivan's murder. Assuming that the Government had shown that Sullivan intended to have the murder committed, the Government did not show that the telephone calls related to the murder— that is, that they were "in fact used in the commission of the offense." Although a juror could reasonably conclude that defendant was a party to each of the four calls, the Government failed to establish who was the other party to the telephone calls made to and from the Howard Johnson's and from the Suwanee rest stop. There is

2. In considering a motion for judgment of acquittal, the Court must make all credibility determinations in favor of the Government. Accordingly, based on the testimony of defendant's third wife, HyoSook ("Suki"), the Court is able to find that a reasonable juror could find beyond a reasonable doubt that Sullivan had the intent to murder Lita Sullivan.

3. The Travel Act, 18 U.S.C. § 1952, criminalizes the use of interstate facilities to "promote, manage, establish, carry on, or facilitate" the unlawful activity. 18 U.S.C. § 1952(a)(3). Another

subsection of the act, 18 U.S.C. § 1952(a)(2), criminalizes the use of interstate facilities "with the intent … to commit any crime of violence to further unlawful activity."

The wire fraud statute, 18 U.S.C. § 1343, criminalizes the use of a wire, radio or television communication for "the purpose of executing" a scheme to defraud.

Also, 21 U.S.C. § 843(b) criminalizes the knowing or intentional use of a communication facility in "committing or in causing or facilitating the commission" of various drug offenses.

no evidence showing who checked into the Howard Johnson's on January 13, 1987.[4] The Government produced no evidence linking the party staying at the Howard Johnson's with Lita Sullivan's murder on January 16 nor did it show who made and received the calls and what was said during those calls. The Government also failed to produce any evidence about the call made from the rest stop and produced no evidence showing that the call to Lita Sullivan's neighbor on January 13 was connected to the murder on January 16.[5] With no evidence of the content and no evidence identifying the other parties to these calls, no reasonable juror could have found beyond a reasonable doubt that the calls "were used in the commission of" the murder.

In oral argument, the Government relied on a Fifth Circuit case under the wire fraud statute, 18 U.S.C. § 1343, and argued that the Government was not required to prove the contents of the telephone calls or to show with direct proof who made the call. *United States v. Shively*, 927 F.2d 804 (5th Cir.1991). In *Shively*, however, the evidence showed that the defendant conspired to commit arson, that although the defendant initially denied that anyone was staying at her home, a three-minute telephone call from her hotel room had been made to her house only eighteen minutes after she checked into the hotel, and that the person staying in her house the night the call was made was the person who started the fire. Although the contents of the call were not known in *Shively*, the parties to the call were known—or could be identified by a reasonable juror— and the Government had presented evidence that one of the parties had admitted starting the fire. Thus, *Shively* does not support the Government's contention that the Government in this case produced enough evidence connecting the telephone calls with the murder of Lita Sullivan.

The Government failed to show that the telephone calls facilitated the murder of Lita Sullivan. The Government also failed to provide sufficient evidence that these telephone calls even related to the murder. Thus, the Court granted defendant's motion for judgment of acquittal on these charges, finding that no reasonable juror could have found beyond a reasonable doubt that the calls related to the murder.

## COUNT FIVE

Defendant was also charged with causing a gun to be used in violation of 18 U.S.C. § 924(c). This statute allows the federal prosecution of a person who causes a gun to be used "in relation to any crime of violence ... for which he may be prosecuted" in federal court. Because the Court found that there was insufficient evidence on the four telephone counts, which provide the federal jurisdiction in this matter, the Court granted the motion for judgment of acquittal on Count Five.

## CONCLUSION

Accordingly, having considered the evidence presented at trial, the Court GRANTS defendant's motion for judgment of acquittal and DIRECTS that a judgment of acquittal be entered in this matter.

IT IS SO ORDERED.

---

4. According to the motel's registration form, a party of three checked into the room from which the call to Sullivan's residence was made. The person registering put down a non-existent North Carolina address. The motel clerk testified that the person drove a white car of Japanese make. During the trial, she was not asked to identify any of the drawings of the suspects made from descriptions given by other witnesses.

5. Lita Sullivan's neighbor testified that on the morning of January 13 defendant James Sullivan telephoned him several times. When the neighbor returned the calls, James Sullivan asked if the neighbor had noticed anything unusual at Lita Sullivan's house and if he had Lita Sullivan's telephone number.