UNITED STATES of America

v.

**Thomas Robert STEVENS, Defendant.**

**No. 93 Cr. 881 (LAP).**

United States District Court, S.D. New York.

Jan. 11, 1994.

## OPINION AND ORDER

PRESKA, District Judge:

The defendant in this case, Thomas Robert Stevens, is under indictment for violation of 18 U.S.C. § 1958. Before the Court is his motion to dismiss the indictment for lack of federal jurisdiction. Specifically, he contends that the facts alleged by the government do not establish any use by the defendant of a facility in interstate commerce, as required by the statute.

■ Section 1958, in pertinent part, prohibits the use of "any facility in interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States ... as consideration for a promise or agreement to pay[ ] anything of pecuniary value." The requirement that the defendant use a facility in interstate commerce is jurisdictional. *See United States v. Razo–Leora,* 961 F.2d 1140, 1148 (5th Cir.1992). Thus, where no such use is present, an indictment under the statute must be dismissed.

■ In the present case, the government alleges that the interstate use requirement is satisfied by the defendant's placing of several telephone calls to a paging device ("beeper") leased from Metromedia, Inc.[1] by one Oliver Kellman. Mr. Kellman is alleged to have been the intermediary between the defendant and a person believed by the defendant to be a "hit man."

Both the defendant and Mr. Kellman were in New York at the time the calls transpired. However, Metromedia's paging system operates such that calls to the Manhattan exchange assigned to Mr. Kellman's beeper were routed to a transmitting station in New Jersey, which sent radio waves out across New York, New Jersey, and Connecticut so that Mr. Kellman might be reached anywhere in the Tri–State area.[2] In light of these facts, the government contends, calls to Mr. Kellman's beeper constituted use of a facility in interstate commerce so as to trigger federal jurisdiction. The fact that Mr. Kellman happened to receive the beeper signal in the same state from which it originated is of no significance.

The defendant's response is that the presence of the caller and the recipient in the

---

1. Metromedia has since changed its name to Mobile Media.

2. These facts are undisputed.

same state makes all the difference in the world. Under Section 1958, he asserts, federal jurisdiction does not arise merely because one employs a facility that is *capable* of interstate use; rather, the facility must actually be used in an interstate manner. When the facility used is a telephone, the defendant continues, this means that the parties to the call must be physically located in different states. It is not enough that the electronic transmission of the call crosses state lines.

In support of its position that the location of the parties, and not signal path, determines the interstate or intrastate character of a telephone call, the defendant's counsel lays out a cogent and well-reasoned argument. Telephone calls, he explains, are no longer carried from point to point over telephone lines strung directly between them. Today, calls are transmitted "through a complex system of microwave radios, fiber optics, satellites, and cables.... [T]he path taken by the electronic signals is often indirect and typically bears no relation to state boundaries." *Goldberg v. Sweet,* 488 U.S. 252, 255, 109 S.Ct. 582, 585, 102 L.Ed.2d 607 (1989). In such a situation, counsel maintains, signal path is an improper way to determine the existence of federal jurisdiction. For one thing, it is unworkable. As the Supreme Court has recognized, "the number of possible paths, the nature of the electronic signals, and the system of computerized switching make it virtually impossible to trace and record the actual paths taken by the electronic signals which create an individual telephone call." *Id.*

Additionally, counsel argues, using signal path as a jurisdictional criterion threatens to frustrate Congress' aim of limiting jurisdiction under Section 1958 and similar statutes. Given today's technology, even telephone calls to the house next door may be routed through neighboring states or even outer space. If the route of the call determines its interstate character, Section 1958 could be applied to virtually any call anywhere. This would be contrary to Congress' intent to limit the reach of Section 1958 to interstate crime only. As a result, counsel concludes, persons in telephonic communication must be speaking from different states to be within the scope of the statute.

As noted above, the argument of defense counsel is cogent and well-reasoned, and, some authority to the contrary notwithstanding, it has considerable persuasive force. Unfortunately for the defendant, it is unavailing here. The flaw lies not in its logic but in its link to this case. Specifically, the problem is the equating of a person-to-person telephone call with the defendant's call to a beeper number.

Applied to a case where federal jurisdiction was premised on an intrastate telephone call routed interstate, the defendant's argument would be germane because aside from the signal path, the call would be an essentially local act, not within the reach of Section 1958. The same is not the case, however, where jurisdiction is based on a call to a paging system with multi-state range.

■ The defendant's call to such a system cannot be considered an intrastate act, no matter how its signals were routed. The paging system's very purpose is to reach across state lines to find people. In pursuit of that purpose, it sends radio waves across the borders of three states each time it is activated; every time the system is used, it is used in an interstate manner. It makes no difference that the paging party may not know of the system's interstate range. Specific intent to make interstate use of a facility is not required under the statute; use in fact will suffice. *See U.S. v. Edelman,* 873 F.2d 791, 793–794 (5th Cir.1989); *U.S. v. Sullivan,* 809 F.Supp. 934, 937 (N.D.Ga.1992). Further, it is of no importance that the paged party is ultimately reached in the same state as the paging party. This does not change the fact that by using the interstate system, the paging party, in effect, makes an interstate search. The conclusion must be that the defendant's calls to Mr. Kellman's beeper constituted use of a facility in interstate commerce sufficient to trigger jurisdiction under 18 U.S.C. 1958.

*Conclusion*

Defendant's motion to dismiss the indictment for lack of federal jurisdiction is denied.